*E-Filed 4/15/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DAVID LOSOYA,

        Petitioner,

   v.

J. BEARD,

        Respondent.

No. C 14-1677 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions.  The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.  For the reasons stated herein, the petition is DISMISSED.

## BACKGROUND

According to the petition, in 1978, a Santa Cruz County Superior Court jury convicted petitioner of murder and robbery.  Petitioner received a sentence of 7 years-to-life in state prison.  He alleges that he is entitled to habeas relief on grounds of prosecutorial and judicial misconduct, and the ineffective assistance of counsel.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition is barred by the rule against filing a second or successive petition. Petitioner has filed at least one previous petition regarding the conviction at issue in the instant petition, that is, *Losoya v. Beard*, No. 09-01876-RS (N.D. Cal. Apr. 14, 2010).  That petition was dismissed as untimely.[1]  In order to file a second or successive petition, the petitioner must obtain an order from the Court of Appeals authorizing the district court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that a dismissal of a § 2254 habeas petition on grounds of untimeliness "renders subsequent petitions second or successive for purposes of AEDPA, 28 U.S.C. § 2244(b).")  Because petitioner has not shown that he has received such authorization, the instant petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals.  Accordingly, the petition is DISMISSED.  Petitioner's motion to proceed *in forma pauperis* (Docket No. 2) is GRANTED.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Clerk shall terminate Docket No. 2, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: April 15, 2014

RICHARD SEEBORG
United States District Judge

---

[1] Petitioner appealed this dismissal. (*Losoya*, 09-01876-RS, Docket No. 15.) That appeal is now closed, the Ninth Circuit having declined to issue a Certificate of Appealability. (*Id.*, Docket Nos. 20 and 21.)